IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LUIS PEREZ,

        Petitioner,

v.                                                           Civil Action No. 3:06CV88
                                                             Criminal Action No. 3:04CR57-1

UNITED STATES OF AMERICA,           (DISTRICT JUDGE)

        Respondent.

## REPORT AND RECOMMENDATION
## THAT §2255 MOTION BE DENIED

### I. INTRODUCTION

On August 21, 2006, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. The Government filed its response October 2, 2006. Petitioner filed a reply October 27, 2006.

### II. FACTS

A. **Conviction and Sentence**

On November 24, 2004, Petitioner signed a plea agreement by which he agreed to plead guilty to Count four, distribution of approximately 136.805 grams of cocaine base, also known as crack, in violation of Title 21, United States Code, Section 841(a)(1). In the plea agreement, the parties stipulated and agreed to the total drug relevant contact of in excess of 10.236 kilograms of cocaine base, also known as "crack," 29.0 kilograms of cocaine hydrochloride, also known as "coke," and 3.322 kilograms of heroin. Additionally, the petitioner waived his right to appeal and to collaterally attack his sentence. Specifically, the petitioner's plea agreement contained the following language regarding his waiver:

> 10. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions made by the United States in this plea agreement, Defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus). The United States does not waive its right to appeal the sentence; however, in the event that there would be an appeal by the United States, Defendant's waiver contained in this paragraph will be voided provided Defendant complies with the provisions of Rule 4(b)(1)(A)(ii) of the Federal Rules of Appellate Procedure.

On November 29, 2004, the petitioner entered his plea in open court. Petitioner was 47 years old and educated through the second grade. (Plea transcript p. 11) The petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone. (Id. at 13) Petitioner stated he understood and agreed with all the terms and conditions of the plea agreement. (Id. at 15) The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. (Id. at 16) In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. (Id.) The Court then reviewed all the rights petitioner was giving up by pleading guilty. (Id. at 18-20) During the plea hearing, the Government presented the testimony of Andy Evans, of the West Virginia State Police, Bureau of Criminal Investigations, and Eastern Panhandle Drug and Violent Crime Task Force to establish a factual basis for the plea. (Id. at 20-24) The petitioner did not contest the factual basis of the plea.

After the Government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of Count Four of the indictment. (Id. at 25)

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty; and that the elements of the crime were established beyond a reasonable doubt. (Id. at 25) The petitioner did not object to the Court's finding.

On June 3, 2005, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant, and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 180 months imprisonment.

**B.   Appeal**

Petitioner did not file a direct appeal.

**C.   Federal Habeas Corpus**

Petitioner contends that his counsel advised him that he would be sentenced to 160 months imprisonment instead of the 180 months he received. Petitioner contends that his sentence is a breach of his plea agreement. Secondly, petitioner asserts that his counsel did not file a direct appeal as requested.

The Government contends that petitioner's motion is not timely according to the one-year time limitation. The Government contends that because the Judgment Order was entered on June 28, 2005 and petitioner did not file the instant motion until August 21, 2006, the motion is time barred. The Government also contends that petitioner was not promised a specific sentence at any time. Lastly, the Government contends that petitioner offers no support or evidence for his claim that requested his counsel to file a direct appeal. Furthermore, the Government contends that petitioner signed a statement indicating that he did not wish to appeal the Court's sentence.

**D.     Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket as untimely.

## III. ANALYSIS

**A.     Waiver**

"[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." Blackledge v. Allison, 431 U.S. 63, 71 (1977). However, the advantages of plea bargains "can be secure . . . only if dispositions by guilty plea are accorded a great measure of finality." Id. "To this end, the Government often secures waivers of appellate rights from criminal defendants as part of their plea agreement." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

In United States v. Attar, 38 F.3d 727 (4th Cir. 1994), the Fourth Circuit found that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." Attar at 731. The Fourth Circuit then found that whether a waiver is knowing and intelligent "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." Id. After upholding the general validity of a waiver-of-appeal-rights provision, the Fourth Circuit noted that even with a waiver-of-appeals-rights provision, a defendant may obtain appellate review of certain limited grounds. Id. at 732. For example, the Court noted that a defendant "could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." Id. Nor did the Court believe that a defendant "can fairly be said to have waived his right to appeal his sentence on the ground that

4

the proceedings following the entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel." Id.

Subsequently, in United States v. Lemaster, supra, the Fourth Circuit saw no reason to distinguish between waivers of direct appeal rights and waivers of collateral attack rights. Lemaster, 403 F.3d at 220. Therefore, like waiver-of-appeal-rights provision, the Court found that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id. And, although, the Court expressly declined to address whether the same exceptions apply since Lemaster failed to make such an argument, the court stressed that it "saw no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights." Id. at n. 2.

Based on these cases, it appears that ineffective assistance of counsel claims are barred by a valid waiver, to the extent that the facts giving rise to the claims occurred prior to the defendant entering his guilty plea. Only claims arising after the entry of the guilty plea may fall outside the scope of the waiver. Lemaster, 403 F.3d at 732 (it cannot be fairly said that a defendant "waived his right to appeal his sentence on the ground that the proceedings following entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel, for a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations").

Therefore, when reviewing an ineffective assistance of counsel claim in a case where there is a waiver of collateral-attack rights in a plea agreement, we must first determine whether there is valid waiver. In doing so,

> The validity of an appeal waiver depends on whether the
> defendant knowingly and intelligently agreed to waive the right to

> appeal. Although this determination is often made based on adequacy of the plea colloquy -- specifically, whether the district court questioned the defendant about the appeal waiver – the issue ultimately is evaluated by reference to the totality of the circumstances. Thus, the determination must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (internal citations and quotations omitted).

In other words, the Court must examine the actual waiver provision, the plea agreement as a whole, the plea colloquy, and the defendant's ability to understand the proceedings. Id. If the Court finds that the waiver is valid, any IAC claims arising prior to the plea agreement are barred by the waiver.

As to any IAC claims made regarding an attorney's action, or lack thereof, after the plea agreement, the Fourth Circuit has stated, "[w]e do not think the general waiver of the right to challenge" a sentence on the ground that "the proceedings following entry of the guilty plea – including both the sentencing hearing itself and the presentation of the motion to withdraw their pleas – were conducted in violation of their Sixth Amendment right to counsel." Lemaster, 403 F.3d at 732-33. Therefore, upon first blush it appears that IAC claims arising after the guilty plea and/or during sentencing, are not barred by a general waiver-of appeal rights.

However, several courts have distinguished IAC claims raised in a § 2255 case, from those raised on direct appeal. In Braxton v. United States, 358 F.Supp.2d 497 (W.D Va. 2005), the Western District of Virginia noted that although the Fourth Circuit has yet to define the scope of waiver of collateral rights, several courts have held that § 2255 waivers should be subject to the same conditions and exceptions applicable to waivers of the right to file a direct appeal. Braxton at 502 (citing United States v. Cannady, 283 F.3d 641,645 n. 3 (4th Cir. 2000)

(collecting cases); Butler v. United States, 173 F.Supp.2d 489, 493 (E.D. Va. 2001)). Nonetheless, the Western District of Virginia, distinguished the types of IAC claims available on direct appeal from those available in a § 2255 motion. Specifically, the Court noted:

> Appellate courts rarely hear ineffective assistance of counsel claims on direct review. Indeed, '[i]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.' United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Therefore, the waiver exception recognized in Attar applies only to a very narrow category of cases. In contrast, a rule that defendants are unable to waive their right to bring an ineffective assistance claim in a § 2255 would create a large exception to the scope of § 2255 waivers. In fact, such an exception would render all such waivers virtually meaningless because most habeas challenges can be pressed into the mold of a Sixth Amendment claim on collateral review. The Fifth Circuit has recognized this dynamic by noting that '[i]f all ineffective assistance of counsel claims were immune from waiver, any complaint about process could be brought in a collateral attack by merely challenging the attorney's failure to achieve the desired result. A knowing and intelligent waiver should not be so easily evaded.' United States v. White, 307 F.3d 336, 344 (5th Cir. 2002).

Braxton at 503.

The Western District of Virginia further noted that the Tenth Circuit has also distinguished collateral-attack waivers from the situation in Attar and that the Fourth Circuit's holding in United States v. Broughton-Jones, 71 F.3d 1143, 1147 (4th Cir. 1995), also supports such a distinction. Braxton at 503, n. 2. The Braxton Court found it persuasive that the majority of circuits to have confronted this question "have held that collateral attacks claiming ineffective assistance of counsel that do not call into question the validity of the plea or the § 2255 waiver itself, or do not relate directly to the plea agreement or the waiver, are waivable." Id. at 503. (collecting cases).

In this case, petitioner asserts that he requested his counsel to appeal the errors made at his sentencing, but that counsel failed to respond to his request. Therefore, petitioner asserts counsel was per se ineffective for failing to file a notice of appeal as instructed. As held in United States v. Poindexter, 2007 U.S. App. LEXIS 15360 (4th Cir. 2007) an evidentiary hearing is required in such cases to determine whether the petitioner unequivocally instructed his attorney to file a notice of appeal or, if his attorney was not so instructed, the court will determine if petitioner met his burden of showing that: (1) his attorney had a duty to consult under Roe v. Flores-Ortega, 528 U.S. 470 (2000); (2) his attorney failed to fulfill his consultation obligations; and (3) he was prejudiced by his attorney's failure to fulfill these obligations. However, because petitioner filed the instant motion beyond the one-year limitation, as hereafter noted, such motion is time barred and no evidentiary hearing is required.

**Petitioner's Motion is not Timely**

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.[1]

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[2]; or

---

[1]The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. Aikens v. United States, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000). There are two recognized exceptions to this general rule, which apply when a federal prisoner seeks direct appellate review of his conviction or sentence. First, if, following the disposition of his direct appeal, a federal prisoner files a petition for writ of certiorari with the U.S. Supreme Court, the conviction becomes final when the Supreme Court either denies certiorari or issues a decision on the merits. See Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001). Second, if the federal prisoner does not file a timely certiorari petition after disposition of his direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, which is ninety days after entry of the judgment on direct appeal. See Clay v. United States, 537 U.S. 522, 532 (2003). Here neither exception applies because the petitioner did not file a direct appeal of his conviction.

For federal prisoners, the time for filing a direct appeal expires ten days after the written judgment of conviction is entered on the criminal docket. *See* Fed. R.Ap. P. 4(b)(1)(A)(I), (6). The petitioner's Judgment Order was entered on June 28, 2005. Therefore, the petitioner's conviction became final on July 8, 2005, the date his time for filing a direct appeal expired. Therefore, he had until July 8, 2006, to file his habeas corpus under AEDPA. Because the petitioner did not file his § 2255 motion until August 21, 2006, it is clearly time barred.

---

[2] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, ____ U.S. ____, 125 S.Ct. 2478 (2005).

9

The petitioner argues that the statute of limitations should be equitably tolled due to his counsel's failure to file a direct appeal. Equitable tolling may excuse failure to comply with the strict requirements of a statute of limitations, but it cannot overcome a jurisdictional bar. Harris v. Hutchinson, 209 F .3d 325, 328 (4th Cir. 2000). However, the Fourth Circuit has held that the time restriction in § 2255 is a statute of limitations, which in proper circumstances, may be subject to equitable tolling. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000); Harris, supra at 328-29. The doctrine of equitable tolling generally is appropriate in two distinct situations: where the petitioner was prevented from asserting his claim by some wrongful conduct on the part of the respondent or where extraordinary circumstances beyond petitioner's control made it impossible to file the claim on time. Id. at 330. As the Harris court stated, "any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result.

Because there is no allegation in this case that the United States contributed to petitioner's delay in filing his petition, petitioner must point to some other extraordinary circumstance beyond his control that prevented him from complying with the statutory time limit. Petitioner's assertion that his attorney failed to file a direct appeal, as promised, is insufficient to meet the high standard necessary for equitable tolling.

Petitioner indicates that he was under the impression that his attorney was filing an appeal. The Fourth Circuit has expressly stated that the extraordinary remedy of equitable tolling should be granted sparingly, reserved only for situations in which it is unconscionable to enforce the limitation period. Prescott, supra at 688. Here, the petitioner has failed to demonstrate the due diligence that would require equitable tolling. Because petitioner has failed to show that

equitable tolling is warranted in this case, his § 2255 motion is barred by the one-year period of limitations contained in 28 U.S.C. § 2255.

## IV. Recommendation

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because the petitioner is time-barred from raising his claim since his petition was filed over one year after his conviction became final.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985): <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: July 3, 2007

    /s/   James E. Seibert  
JAMES E. SEIBERT  
UNITED STATES MAGISTRATE JUDGE